## MITZNER ET AL. *v.* FIDELITY AND CASUALTY COMPANY ET AL.

[No. 12,426. Filed January 23, 1927. Rehearing denied April 7, 1927. Transfer denied May 11, 1932.]

*Ralph N. Smith, Ben C. Rees* and *Russell W. Smith,* for appellants.

*Bomberger, Peters & Morthland,* for appellees.

ENLOE, J.—This was a suit upon an insurance policy, known as a "Commercial Automobile Liability Policy," for breach of the stipulation contained in said policy obligating the insurance company to defend any suit

brought against the insured for damages growing out of the operation of the automobile covered by said policy.

The cause was tried by the court, which made a special finding of the facts and stated its conclusions of law thereon. The appellants duly excepted to the court's conclusion of law, which was adverse to them, and their motion for a new trial having been overruled, they now prosecute this appeal. The errors assigned challenge the conclusion of law and the overruling of the motion for a new trial. Both assignments present essentially the same question.

The material facts of this case, and about which there is no dispute, are as follows: The automobile involved in the case was one which was covered by the policy; on May 5, 1922, said automobile (a merchandise delivery truck) was being used in the delivery of merchandise to the homes of patrons of the insured, and was then and there being driven and operated by one Bartholomew, a servant of the insured, in the line of his employment, in delivering merchandise to the homes of patrons of insured, in the city of Valparaiso, Indiana. While said driver was in a home delivering merchandise, one Ruth Mitzner, a girl then and there under the age of 16 years, climbed into said automobile and took her seat at and behind the steering wheel thereof; that, over the objections and protests of said Bartholomew, said Ruth Mitzner retained her seat behind said wheel and proceeded to drive said car upon and over the streets of said city, and had only driven said automobile a short distance when she drove said automobile against one August W. Mitzner, thereby injuring him. Notice was at once given appellee insurance company of said accident, and it, after an investigation of the facts had been made by a representative, denied all liability under its said policy on account of said accident. Suit was thereafter brought by said injured

party against insured, for damages, which suit the insured successfully defended, at a cost to them, including attorneys' fees, of $1,056.05. This suit was brought to recover said expenses of said suit, and the right of such a recovery is, as said by appellants, the only question involved in this case.

By the terms of the policy in suit, the insurance company undertook to indemnify the insured against loss for the liability imposed by law upon the insured "for damages on account of bodily injuries or death suffered by any person or persons as the result of an accident occurring while this policy is in force and cause," etc. As to the coverage of said policy, it was therein specifically provided as follows: "This policy does not cover loss from liability for, or any suit based on, injuries or death—(1) caused by any automobile while operated by or while in charge of any person who is either under the age fixed by law for drivers of automobiles, or who is in any event under the age of sixteen years," etc. There is no doubt or ambiguity about the above clause; it is not open to construction; it is a part of the "coverage" of said policy, and, as the said automobile was, at the time of said accident, being driven by a person under the age of 16 years, said policy did not cover such operation of said automobile; it was without the coverage of said policy, and there was no duty upon the insurance company to defend said damage suit, nor is there any liability for the expenses thereof.

Affirmed.