KRAMARCZYK *v.* JONTZ.

WOJCIECHOWSKI *v.* SAME.

1. INSURANCE—AUTOMOBILES—CONSTRUCTION OF POLICY — DESCRIPTION—COVERAGE.

Typewritten matter reading ''any car owned by assured and operated by them or their employees with drive-away indorsement covering last four cars'' inserted after printed heading ''description of car'' which followed main contract clause of policy insuring principal defendants ''against loss, damage or liability resulting from the following hazards due to the ownership, use or operation of the following described automobile'' *held,* to constitute unambiguous provisions relating to coverage as well as description of car.

2. SAME—AUTOMOBILES—DEFENSE OF SUITS.

Insurer under automobile insurance policy *held,* not obligated by defense of suits clause therein to defend action involving car not covered by policy.

3. GARNISHMENT—AUTOMOBILE INSURANCE POLICY—RECOVERY FROM GARNISHEE BY PLAINTIFF DEPENDENT ON THAT BY PRINCIPAL.

Since automobile dealers who were principal defendants in garnishment proceedings could not recover from garnishee defendant under their policy for judgment obtained by plaintiffs for loss sustained through operation of car which had been sold and delivered to a party but for which certificate of title had not been transferred at time of accident, plaintiffs may not recover either.

Appeal from Cass; Warner (Glenn E.), J. Submitted October 12, 1937. (Docket No. 104, Calendar No. 39,738.) Decided November 10, 1937.

Separate garnishment proceedings by Mary Kramarczyk, administratrix of the estate of

Stephanie Kramarczyk, deceased, and Angeline Wojciechowski against H. D. Jontz and H. W. Dick, principal defendants, and Wolverine Mutual Motor Insurance Company, garnishee defendant. Cases consolidated for trial and appeal. Judgments for garnishee defendant. Plaintiffs appeal. Affirmed.

*Earl L. Burhans* and *Elias P. Harmon,* for plaintiffs.

*Carl D. Mosier,* for garnishee defendant.

WIEST, J. In these two cases growing out of an automobile accident plaintiffs have judgments against the principal defendants and Harley Limbeck. Upon the judgments, writs of garnishment were taken out against the Wolverine Mutual Motor Insurance Company, as the insurance carrier of the judgment debtors Jontz and Dick. The insurance company denied any indebtedness to the principal defendants and the issue, joined thereon, was tried before the court. The court found that the insurance did not cover the automobile or protect the principal defendants and, therefore, there was no liability on the part of the garnishee defendant.

Plaintiffs prosecute review by appeal, claiming that the insurance policy brought liability to the insurer to the extent of $5,000, the risk assumed, and, even if such risk did not attach, it was the duty of the insurer to defend the two actions and, not having done so, it is liable to the insured for the expense they were put to in defending and to such extent they may be held under the writs of garnishment.

Jontz and Dick, the judgment debtors, as co-partners, were automobile dealers in Dowagiac, and July 22, 1929, they purchased a car from one Scott,

and certificate of title was assigned to them. Thereupon they became the owners of the car and, on July 29, 1929, they sold the car to one Limbeck for $60, of which $20 was paid in cash and a note given for the balance. The certificate of title was not issued to Limbeck until October 7, 1929. After the mentioned purchase by Limbeck, and before he had certificate of title and while Limbeck was driving the car, the accident happened for which the two judgments were rendered against him and Jontz and Dick.

At the time of the accident Jontz and Dick were insured by a policy issued by the garnishee defendant—"against loss, damage or liability resulting from the following hazards due to the ownership, use or operation of the following described automobile:

"Description of Car: Any car owned by assured and operated by them or their employees with driveaway indorsement covering last four cars."

The circuit judge held:

"Plaintiff's right to recover against the garnishee defendant is dependent on the assured's right to so recover. *Musser* v. *Ricks,* 271 Mich. 174; *Wilson* v. *Marshall,* 277 Mich. 583.

"The assured sold the car without delivering an assignment of title; such attempted sale was in violation of the statute and void. There was not a sale to Limbeck; between him and the dealers, the dealers were the owners at the time of the accident. *Endres* v. *Mara-Rickenbacker Co.,* 243 Mich. 5. * * *

"It is not claimed Limbeck was an employee.

"So the decisive question gets around to this— Was the car operated by the assured at the time of the accident? * * *

"The car was not operated by the assured at the time of the accident and the policy did not cover the

loss sustained by the negligence of Harold (Harley) Limbeck.''

Counsel for plaintiffs contend that the coverage of the policy is in the above quoted language, reading:

"Against loss, damage or liability resulting from the following hazards due to the ownership, use or operation of the following described automobile,"

and that the language—

"Any car owned by assured and operated by them or their employees with drive-away indorsement covering last four cars,"

is in typewriting under the printed heading "Description of Car," and not intended to describe the acts or things which render the company liable.

The provisions constituting the coverage are not ambiguous nor inconsistent and the typewritten matter under the printed heading mentioned does not relate to mere description of a car rather than the coverage attaching.

If there was no coverage in this instance, may the insurer be held to the obligation of defending the actions brought against the insured and, therefore, liable for the expense of the defense and the costs taxed in such suits?

In the policy the company agreed:

"To defend, on behalf of the assured, any suit to recover damages, whether groundless or not, brought against him whether for damage to or the destruction of property, or for damages, suffered or alleged to have been suffered on account of bodily injuries or death, as set forth in Clauses E and F of this policy; and

"To pay all costs taxed against the assured, and to pay attorney's fees in the defense of such suits."

Clause E relates to property damage and clause F to personal injury or death.

The secretary of the insurance company testified:

"That agrees to defend the assured from suits whether groundless or not if there is a liability under the policy so to defend—in other words if it involves the car insured."

We need but say that, if the insurance did not cover the car, there was no obligation to take care of the defense.

The principal defendants could not maintain such an action against the insurer and what the insured could not maintain is not an obligation subject to garnishment.

The judgments are affirmed, with costs to the garnishee defendant.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.