AMERICAN FIDELITY CO. v. DEER-FIELD VALLEY GRAIN CO. et al.

No. 166.

District Court, D. Vermont.

March 23, 1942.

842

Fenton, Wing & Morse, of Rutland, for American Fidelity Co.

Francis E. Morrissey, of Bennington, Vt., for Deerfield Valley Grain Co., Perry Z. Whitney and Walter A. Hall.

Preston F. Gibson, A. L. J. Crispe, and E. F. Berry, all of Brattleboro, Vt., for J. P. Reando.

LEAMY, District Judge:

This is a petition for a declaratory judgment in which the American Fidelity Company, hereinafter called the petitioner, asks the Court to declare, determine and adjudicate:

1. Whether or not a certain motor vehicle liability policy issued by the petitioner to the petitionee, Deerfield Valley Grain Company, furnishes coverage for injuries sustained by the petitionee, J. P. Reando, as a result of an accident which happened on November 12, 1938, and

2. Whether under the declarations, insuring agreements, exclusions and conditions contained in said policy the petitioner

has the duty to defend an action then about to be brought by Reando against the petitionees, the Deerfield Company, Hall and Whitney, or any of them.

Hearing was had on the petition, and from the evidence introduced, the exhibits and the concessions made I find the following facts.

### Findings of Fact

1. On June 2, 1938 the petitioner issued to the Deerfield Valley Grain Company a policy of liability insurance being policy numbered 99674 which policy covered a 1937 Ford one and one-half ton truck with the motor number BB 184158111, which truck was owned by the Deerfield Valley Grain Company.

2. Said policy provides among other things as follows:

"III *Definition of 'Insured'*. The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial', each as defined herein, and provided further that the actual use is with the permission of the named insured. The provisions of this paragraph do not apply:

"(a) to any person or organization with respect to any loss against which he has other valid and collectible insurance;

"(b) to any person or organization with respect to bodily injury to or death of any person who is a named insured;

"(c) to any person or organization or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station, or public parking place, with respect to any accident arising out of the operation thereof;

"(d) to any employee of an insured with respect to any action brought against said employee because of bodily injury to or death of another employee of the same insured injured in the course of such employment in any accident arising out of the maintenance or use of the automobile in the business of such insured."

"II *Defense, Settlement, Supplementary Payments*. It is further agreed that as respects insurance afforded by this policy under coverages A and B the Company shall

"(a) Defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the Company."

### Exclusions

"This Policy Does Not Apply:

"(e) under coverage A to bodily injury to or death of any employee of the insured while engaged in the business of the insured, other than domestic employment, or in the operation, maintenance or repair of the automobile; or to any obligation for which the insured may be held liable under any workman's compensation law."

3. This policy was in full force and effect on November 12, 1938.

4. On November 12, 1938 Perry Z. Whitney was Vice-Principal or Vice-President of the Deerfield Valley Grain Company and Walter Hall and J. P. Reando were employees of the Deerfield Valley Grain Company. On that date Whitney instructed Hall and Reando to go with him on a business trip to Marlboro, Vermont. The purpose of the trip was to make deliveries and obtain wood which belonged to the Deerfield Valley Grain Company in Marlboro, Vermont, and transport it to the Deerfield Valley Grain Company's place of business in Wilmington, Vermont. Hall and Reando went on this trip as employees under the direct supervision of Whitney. Neither Hall nor Reando nor Whitney were engaged in domestic employment. The truck described above and covered by the policy described above was the truck used on this business trip. While on this business trip and during the hours of employment, Reando sustained injuries caused by accident resulting from the use of said Ford truck. At the time Reando received his injuries the truck was being operated by Hall under the supervision of Whitney. At the time of the accident Hall, Whitney and Reando were employees of the Deerfield Valley Grain Company.

5. On July 29, 1939 Reando instituted suit in this Court against the Deerfield Valley Grain Company alleging in substance that on the 12th day of November, 1938 and while he was in the employ of the Deerfield Company and was under the direct supervision, order and control of Whitney, and while so employed that he accompanied

844

the truck in question and which was driven by Hall on a trip to Marlboro, Vermont, to secure wood belonging to the Deerfield Company; that Whitney was present and in full and complete charge of the truck; that while the truck was proceeding to its destination and while ascending a hill in Marlboro it became necessary on account of soft roads to apply chains to the wheels, and to that end Reando was instructed to crawl underneath the truck; that while he was under the truck and engaged in placing the chains on the wheels, and upon order of Whitney, Hall started the truck; that Reando was run over and was injured.

## Conclusions of Law

The suit of Reando against the Grain Company already instituted, and any suit hereafter instituted by Reando against Hall and Whitney or either of them, arising out of the accident, will decide only the question of negligence, if any, of the defendants and will in no way decide the liability of the petitioner under the policy issued to the Grain Company or its duty to defend.

Since at the time of his injury Reando was an employee of the insured, the Deerfield Valley Grain Company, not in domestic employment but engaged in the business of the insured or in the operation, maintenance or repair of the truck, his case against the Grain Company falls directly within the paragraph entitled "Exclusions (e)" and the policy furnishes no coverage for his injuries.

Since at the time of his injury Reando was an employee of the insured and at the same time Hall and Whitney were also employees of the insured, any action which Reando may institute against Hall and Whitney or either of them, arising out of the accident and because of injuries received in the course of such employment and arising out of the maintenance or use of the automobile in the business of the insured, will fall directly within the provisions of paragraph 111(d) of the policy and therefore the policy furnishes no coverage for such suits.

We come then to the question as to whether or not the petitioner must defend the suit or suits notwithstanding its freedom from liability as an insurer.

While it is true that a policy of insurance should be construed most favorably to the insured, yet it must not be construed so as to make a new contract in disregard of plain and unambiguous language used, nor must we read into the contract conditions and liabilities never agreed to nor contemplated by the parties as evidenced by its written terms.

Paragraph 11(a) of the contract reads as follows: "It is further agreed that as respects insurance afforded by this policy under Coverages A and B the Company shall (a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *".

Where there is no desire to distort or rewrite the policy it would seem to be apparent that the words "insurance afforded" are synonymous with the words "suits where coverage is provided" so that the sentence would read "It is further agreed that as respects suits where coverage is provided by this policy."

But even standing as they do, the words "as respects insurance afforded by this policy" can only mean that the insurer is required to defend only suits, the complaints in which allege facts which, if proved, establish liability upon the insured, and with respect to which liability the policy provides insurance.

In other words the Insurance Company has limited its obligation to the defense of suits where, on the facts, the Insurance Company is liable to the insured in case of judgment.

In Reando's suit against the Grain Company the complaint alleges facts which, if proved, would establish liability upon the insured but with respect to which liability the policy clearly provides no insurance, and since a declaratory judgment determination is one based largely on equitable considerations, to require the insurer to defend under such circumstances certainly would not be equitable unless the contract so provides with certainty.

Thus in numerous cases it has been held that the duty of the insurer to defend should be determined from the allegations in the petition or complaint in the action brought by the one injured or damaged against the insured. Greer-Robbins Company v. Pacific Surety Company, 37 Cal. App. 540, 174 P. 110; Lamb v. Belt Casualty Company, 3 Cal.App.2d 624, 40 P.2d 311; Commercial Casualty Insurance Company v. Tri-State Transit Company, 190 Miss. 560, 1 So.2d 221, 133 A.L.R. 1510; United States Fidelity & Guaranty Company v.

Baldwin Motor Company, Tex.Com.App., 34 S.W.2d 815; Maryland Casualty Company v. Moritz, Tex.Civ.App., 138 S.W.2d 1095; London Guarantee & Accident Company v. Shafer, D.C.Ohio, 35 F.Supp. 647.

As to the duty of an insurer to defend suits on only those claims for which it has assumed liability see also the following cases and cases therein cited: Ocean Accident & Guarantee Corporation v. Washington Brick & Terra Cotta Company, 148 Va. 829, 139 S.E. 513, 517; Lunt v. Aetna Life Insurance Company, 261 Mass. 469, 159 N.E. 461; Lumbermen's Mutual Casualty Company v. McCarthy, 90 N.H. 320, 8 A.2d 750, 126 A.L.R. 894; Fessenden School v. American Mutual Liability Insurance Company, 289 Mass. 124, 193 N.E. 558.

It is recognized that the Michigan Supreme Court in City Poultry and Egg Company v. Hawkeye Casualty Company, 297 Mich. 509, 298 N.W. 114, 115, under a contract in which the defense clause was somewhat similar to the one here being considered, arrived at a different result but I do not believe that the rule there adopted is, or would be adopted as the rule in Vermont. In the Michigan case the requirement that the insurer must defend did not necessarily require it to meet the judgment since the defense clause of the contract provided that "by investigation, attempt of settlement, and defense of suit the company shall not be deemed to have waived any defenses under this policy." There is no such provision in the contract which we are considering and under the Vermont cases the defense of a suit, unless the insurer has from the insured a nonwaiver agreement, waives any policy defense. Beatty v. Employers' Liability Assurance Corporation, 106 Vt. 25, 168 A. 919.

As against the holding of the Michigan Court "that the undertaking to defend and the undertaking for payment of damages were severable and independent", I prefer the rule laid down in Continental Casualty Company v. Pierce, 170 Miss. 67, 154 So. 279, 281, wherein the court said, "It is a cardinal principle of construction that a contract is to be construed as a whole; that all its parts are to be harmonized so far as reasonably possible; that every word in it is to be given effect, if possible; and that no part is to be taken as eliminated or stricken by some other part unless such a result is fairly inescapable."

Following that rule I conclude that the only reasonable construction of the policy here is that the petitioner, American Fidelity Company, is under no obligation to defend in the case of Reando against the Grain Company, or in any suit which Reando may bring against Whitney or Hall arising out of the accident, since it would not be liable under its contract for any recovery therein had.

It is therefore declared and adjudged that the motor vehicle liability policy issued by the American Fidelity Company to the Deerfield Valley Grain Company furnishes no coverage in the suit of Reando against the Deerfield Valley Grain Company, or in any suit which Reando may bring against Whitney or Hall arising out of the accident and that the American Fidelity Company has no duty to defend therein.