DUVAL *v.* AETNA CASUALTY & SURETY CO.

1. INSURANCE—INDEMNITY POLICY—DEFENSE OF SUITS.

In action by insured under contractors' and manufacturers' public liability policy for expense to which plaintiff had been put in defending an action against him for a risk excepted from liability to indemnify imposed upon insurer under the policy, wherein insured agreed to defend any suit or other proceeding brought to enforce claims covered by policy, the liability for defense of suits did not extend to those expressly excluded from coverage.

2. CONTRACTS—CONSTRUCTION.

It is a cardinal principle of construction that a contract is to be construed as a whole, that all its parts are to be harmonized so far as reasonably possible, that every word in it is to be given effect, if possible; and that no part is to be taken as eliminated or stricken by some other part unless such a result is fairly inescapable.

3. INSURANCE—EXCEPTIONS FROM LIABILITY IN POLICY—DEFENSE OF SUITS.

An exception from liability in an insurance policy is a part of the contract of the parties and the duty of an insurer to defend the insured under a contractors' and manufacturers'

public liability policy from actions brought against him is not independent of the duty to pay damages, if any, where the ''defense of suits'' clause only covered claims for which the insurer was liable to indemnify insured, the indemnity and defense of suits clauses not being separable.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted January 13, 1943. (Docket No. 38, Calendar No. 42,159.) Decided February 23, 1943. Rehearing denied April 6, 1943.

Assumpsit by John E. Duval, doing business as Duval Company, against Aetna Casualty & Surety Company, a Connecticut corporation, on a policy of public liability insurance. Judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Leonard Simons* and *Meyer Weisenfeld,* for plaintiff.

*Gerald E. Schroeder* and *Shields, Ballard, Jennings & Taber,* for defendant.

WIEST, J. The question in this case is whether defendant, under its contractors' and manufacturers' public liability policy, was obligated to defend a suit brought by a third party against the insured, and upon which it was, by the terms of the policy, expressly excepted from liability. Plaintiff, as a contractor, installed and repaired some heating equipment in certain premises and completed the work on January 6, 1940. February 24, 1940, a fire occurred where the work had been done and the owner of the premises brought suit against plaintiff herein to recover damages, claiming the fire was occasioned by negligent installation of the equipment. Plaintiff herein notified insurer of the suit and demanded that it defend the same under the terms of the policy. Defendant declined to do so under the exception

from coverage in the policy. Thereupon plaintiff employed counsel, made a successful defense, brought this action to recover the expense thereof and had judgment for $800.

The policy provided:

"The assured  *  *  *  is hereby insured  *  *  * in accordance with the following terms of agreement against the following risks: .

"RISKS ASSUMED

"I. Loss and/or expense resulting from claims upon the assured for damages.  *  *  *

"II. Any such claim is covered  *  *  *  if made at any time on acount of an accident occurring, during the policy period,  *  *  *  which is alleged to have been caused by reason of the conduct of the business described.  *  *  *

"SPECIAL BENEFITS

"V. The company will  *  *  *  investigate any such claim  *  *  *  and shall defend, in like manner, any suit or other proceeding which may be brought to enforce the same.  *  *  *

"EXCEPTIONS TO THIS AGREEMENT

"VII. The company shall not be liable for or on account of any claim  *  *  *  or by accident occurring after the final completion of the operations of the assured at the place of occurrence of such accident."

It is the claim of plaintiff that the agreement to defend covered the entire policy period, while the exception merely relieved the company from liability to pay any claims arising after the completion of the work.

The circuit judge held that the exception to liability was severable from the provision to defend actions or suits.

Was it the duty of insurer to make defense in an instance where the policy expressly provided there should be no such coverage?

The suit for damages against plaintiff was within the policy period but liability on the part of the insurer was expressly excepted. The purpose of the insurance was clearly to indemnify plaintiff in an instance not excepted by the provision mentioned.

The circuit judge was of the opinion that the present case was to be decided under the rule stated in *City Poultry & Egg Co.* v. *Hawkeye Casualty Co.,* 297 Mich. 509. In that case the policy expressly provided that the insurance company should defend suits against the insured "even if such suit is groundless, false, or fraudulent." In the *Hawkeye Case* the insurance coverage was in effect but subject to defeat by extrinsic evidence of noncoverage, while in the case at bar the policy itself expressly excluded coverage beyond a specified time and place. Its purpose was to protect the insured only while engaged in doing work and not for subsequent property damage because of the work done.

The rule governing the instant case is stated in *Kramarczyk* v. *Johntz,* 282 Mich. 208. In that case the insurance company agreed to defend "on behalf of the assured, any suit to recover damages, whether groundless or not, brought against him." We there held, "If the insurance did not cover the car, there was no obligation to take care of the defense." See, also, *Daniel* v. *State Farm Mutual Ins. Co.,* 233 Mo. App. 1081 (130 S. W. [2d] 244); *Brodek* v. *Indemnity Ins. Co. of North America,* 292 Ill. App. 363 (11 N. E. [2d] 228); *Mitzner* v. *Fidelity & Casualty Co.,* 94 Ind. App. 362 (154 N. E. 881); *Luchte* v. *State Automobile Mutual Ins. Co.,* 50 Ohio App. 5 (197 N. E. 421); *Smith* v. *United States Fidelity & Guaranty Co.,* 142 Neb. 321 (6 N. W. [2d] 81). The contract in the present case is not ambiguous and under its terms limits coverage to the period during

which plaintiff was engaged in the work of repairing
and installing the radiators and cannot be extended
by this court. As said in *Lehr* v. *Professional
Underwriters,* 296 Mich. 693: "The liability was
limited in the policy. To hold otherwise would be to
write a new contract for the parties. This we have
no right to do."

In *American Fidelity Co.* v. *Deerfield Valley
Grain Co.,* 43 Fed. Supp. 841, the court stated:

"It is recognized that the Michigan Supreme
Court in *City Poultry & Egg Co.* v. *Hawkeye Casu-
alty Co.,* 297 Mich. 509, under a contract in which the
defense clause was somewhat similar to the one here
being considered, arrived at a different result but I
do not believe that the rule there adopted is, or
would be adopted as the rule in Vermont. In the
Michigan case the requirement that the insurer must
defend did not necessarily require it to meet the
judgment since the defense clause of the contract
provided that 'by investigation, attempt of settle-
ment, and defense of suit the company shall not be
deemed to have waived any defenses under this
policy.' * * *

"I prefer the rule laid down in *Continental
Casualty Company* v. *Pierce,* 170 Miss. 67 (154 South.
279, 281), wherein the court said, 'It is a cardinal
principle of construction that a contract is to be
construed as a whole; that all its parts are to be
harmonized so far as reasonably possible; that
every word in it is to be given effect, if possible;
and that no part is to be taken as eliminated or
stricken by some other part unless such a result is
fairly inescapable.' "

The insurer is not required to defend the insured
against claims expressly excluded from coverage in
the policy. The exception in the policy is a part of
the contract between the parties. The duty of the

insurance company to defend was not independent of the duty to pay damages, if any. The two provisions are not separable.

The judgment is reversed, without a new trial, and with costs to defendant.

Boyles, C. J., and Chandler, North, Starr, Butzel, Bushnell, and Sharpe, JJ., concurred.