**TRAVELERS INS. CO. v. CRANE et al.**

**No. 8166.**

United States District Court
E. D. Michigan, S. D.

Nov. 29, 1950.

Vandeveer & Haggerty, Detroit, Mich., for plaintiff.

Guiney & Guiney, Detroit, Mich., for defendant David Crane.

Fred F. Wynn, Detroit, Mich., for defendant Frederick S. Smith.

LEDERLE, Chief Judge.

Plaintiff insurance company here seeks a declaratory judgment that it has no liability by virtue of a public liability policy it issued to defendant David Crane as respects an accident which occurred in Dearborn, Michigan, on June 8, 1946, wherein defendant Frederick S. Smith was injured while working as a construction laborer upon a building being erected by, and on the

property of, defendant Crane, under the foremanship of defendant Leo Boguszewski. The policy in question expressly excludes coverage for bodily injuries to employees of the assured while engaged in assured's business.

Defendant Smith has instituted an action in the Michigan state court claiming damages for these injuries against the assured Crane and defendant Leo Boguszewski. Therein defendant Smith claims alternatively as follows:

Count I: That he was an employee of the assured Crane;

Count II: That he was an employee of defendant Boguszewski;

Count III: That Boguszewski was an employee of the assured Crane;

Count IV: That Boguszewski was an independent contractor operating under a contract with the assured, as landowner, and that he, Smith, was an employee of Boguszewski.

Plaintiff contends herein that at the time of injury the injured workman Smith was an employee of the assured Crane and engaged in Crane's business, for which reason the express exclusion clause of the policy places Smith's claim for damages and the insurer's duty to defend outside the policy coverage.

The assured Crane contends that the injured workman Smith was not his, Crane's, employee, but was an employee of defendant Boguszewski, who was an independent contractor, and, hence, the policy covers the accident and the defense of the state court action. Crane also contends that he contracted for all-inclusive insurance coverage for these premises during construction regardless of whether or not claimants might be his employees. This is disputed by plaintiff.

Defendant Boguszewski has filed no answer herein.

The assured and defendant Smith have answered and filed motions to dismiss.

■■■ Plaintiff is a Connecticut corporation. Defendants are all Michigan citizens. The claim for damages and the policy limit far exceed $3000. There is an actual controversy between the parties, and, if plaintiff attempted the defense of either defendant in the state court action, it would be forced into inconsistent positions. All parties are before the court, and two issues only require determination here to adequately define the rights of all parties relative to insurance coverage and to free them from the jeopardy of acting at their peril in relation to the state court action, namely:

(1) Was the injured workman Smith an employee of the assured Crane, engaged in the latter's business; and

(2) If the answer to question (1) is in the affirmative, did the insurer and the assured agree upon a policy which would cover liability of the assured resulting from injury to his employees.

This court has jurisdiction of this action because of diversity of citizenship and amount involved under 28 U.S.C.A. § 1332. There being an actual controversy within this court's jurisdiction, determination of which by declaratory judgment will relieve the parties from hereafter acting at their peril in relation thereto, it would be an abuse of discretion to dismiss the action. 28 U.S.C.A. § 2201; Rule 57, Federal Rules of Civil Procedure, 28 U.S.C.A.; Maryland Casualty Co. v. Faulkner, 1942, 6 Cir., 126 F.2d 175, as approved by C.A. 6 on December 12, 1949, in Ohio Casualty Insurance Co. v. Farmers Bank of Clay, 178 F.2d 570. Accordingly, the motions to dismiss will be overruled.

Plaintiff has taken each defendant's deposition, and defendant Crane has taken the deposition of the insurance agent who negotiated and wrote the policy in suit. These depositions are on file herein.

Plaintiff has moved for summary judgment under Rule 56, contending that the pleadings, depositions and admissions on file show that there is no genuine issue as to any material fact, and the plaintiff is entitled to the judgment it seeks as a matter of law. From the sources indicated, the facts hereinafter set forth stand undisputed.

The assured Crane hired defendant Boguszewski, who has never been a licensed contractor, to work with and superintend laborers who excavated and constructed footings and erected thereon cement block walls for a building on property owned by Crane. Thereafter, these parties installed the steel framework for the ceiling and roof. All other parts of the construction work, pouring the cement floor, carpentery, roofing, plumbing and heating installation, glazing, etc., were performed by third parties under separate arrangements made by the assured Crane directly with the third parties. While a steel I beam was being installed by Smith and the rest of the crew working under the supervision of defendant Boguszewski, Smith was injured.

All arrangements between the assured Crane, Boguszewski and the laborers who worked with him were oral. During the first two weeks of wall work, Boguszewski's pay was the difference between 15 cents per cement block installed and the hourly rate paid the laborers working under his supervision. At all other times, defendant Crane paid Boguszewski and those working under his supervision on an hourly basis for time worked, computed and paid weekly. Boguszewski received $1.75 per hour and the other laborers $1 or $1.25 per hour. Boguszewski acted as timekeeper and paymaster for defendant Crane. No time for completion of the building or any specific part was fixed. All materials were selected, purchased and paid for by defendant Crane. Except for a few small hand tools, all tools · and equipment were furnished by the assured Crane. Defendant Boguszewski at no time used his own money to pay any workman. Boguszewski, Smith and the other laborers working under Boguszewski looked to the assured Crane as their employer for the payment of their wages. The parts of the construction performed by Boguszewski and the laborers under him were done according to sketches furnished by the assured Crane, subject to such changes and directions as were made from time to time by the assured. Said assured operated a grocery store nearby, and inspected the building construction daily.

The assured Crane had the right to determine which and how many laborers should be hired. Crane had the right to discharge Boguszewski or any other laborer at any time. The only actual discharge which occurred was done on instructions of the assured Crane. Neither Crane nor Boguszewski made any deductions for withholding tax or social security of either Boguszewski or any other laborer. Defendant Crane reserved and exercised complete control as to labor and material for the work performed by Boguszewski and the other laborers, how the work should be done, when the work should begin, how rapidly it should progress, and as to stopping the work at any stage if he chose to do so.

Upon the undisputed facts, as a matter of law, Boguszewski was a foreman working as an employee of the assured Crane and not as an independent contractor, and defendant Smith was likewise an employee of the assured Crane, engaged in Crane's business at the time of his injury, and not an employee of Boguszewski. See: Opitz v. Hoertz, 1917, 194 Mich. 626, 161 N.W. 866 and Collias v. Detroit, & Northern Mich. Building & Loan Association, 1922, 220 Mich. 207, 189 N.W. 866. Consequently, the Smith claim is within the policy clause excluding liability for injury to an employee of the assured while engaged in his business.

Having determined that the Smith claim is within an express exclusion clause of the policy, the next inquiry is whether or not the insurer and the assured agreed upon a policy which would cover liability of the assured resulting from injury to his employees. On this phase of the controversy the following facts appear undisputed, viz.: About the time construction was commenced, defendant Crane advised one Vogler, agent for plaintiff insurer, that he wanted an insurance policy to cover liability which might accrue against him, in connection with the erection of a building on his property by Boguszewski acting as an independent contractor. The agent was never advised that

48

Boguszewski or anyone else was to work on the premises as employee of Crane, or that in fact Crane was builder as well as owner. In accordance with such information, agent Vogler issued a binder on March 20, 1946, followed by policy HP 1862709, issued March 25, 1946, effective March 20, 1946, for a premium of $10, insuring Crane against liability to the extent of $5000 each person, $10,000 each accident, which might arise by reason of his ownership of, or the structural alterations being performed upon, his premises, excepting expressly bodily injury or death of any employees of the assured while engaged in the business of the assured or any obligation for which the assured might be held liable under any workmen's compensation law. Agent Vogler also talked with defendant Boguszewski in an unsuccessful attempt to sell him a policy. Agent Vogler had no reason to disbelieve, and, consequently did not question, that Boguszewski was an independent contractor. Boguszewski, on his part, did not know the details of the conversation between defendant Crane and agent Vogler, and, consequently, did not explain that he was an employee rather than an independent contractor. The policy was written in accordance with the only liability against which the assured advised the agent he needed protection. As such, it was exactly as bargained for. In addition thereto, Crane had the policy in his possession for some ten weeks and neither read it nor claimed that it was not the policy bargained for until after defendant Smith was injured. See Snyder v. Wolverine Mut. Motor Insurance Co., 1925, 231 Mich. 692, 204 N.W. 706.

Under the circumstances, all parties are bound by the policy as written, and it does not insure defendant Crane against a claim or action for injury to his employee, Smith.

■ The policy contains a clause requiring plaintiff insurer to afford the assured Crane a defense to an action for injury "as respects insurance afforded by this policy." The claim and action for injury to Crane's employee, Smith, do not respect insurance afforded by the policy. See: Duval v. Aetna Casualty & Surety Co., 1943, 304 Mich. 397, 8 N.W.2d 112. Consequently, plaintiff has no obligation to defend the Smith suit.

It necessarily follows that plaintiff is entitled to a summary judgment declaring the rights and liabilities of the parties in accordance with plaintiff's prayer.

Judgment for Plaintiff

In accordance with the foregoing memorandum, it is hereby ordered and adjudged:

(1) That the motions to dismiss this action are overruled.

(2) That at the time of injury on June 8, 1946, defendant Frederick S. Smith was an employee of defendant David Crane and engaged in the latter's business, and was not an employee of defendant Leo Boguszewski.

(3) At the same time, defendant Leo Boguszewski was not an independent contractor but was an employee of defendant David Crane, and engaged in the latter's business.

(4) The policy in suit, Travelers No. HP 1862709, issued by plaintiff to defendant David Crane on March 25, 1946, was written exactly as bargained for, and all parties hereto are bound by the policy as written.

(5) Said policy does not impose any liability upon plaintiff in respect to any claim asserted against defendant David Crane in the state court action instituted by defendant Frederick S. Smith, nor is the plaintiff required to afford defendant Crane any defense to such action.

(6) The defendants are directed to take the necessary proceedings, by amendment, waiver, withdrawal or otherwise, to secure the removal from the said state court action of the issues hereby adjudicated, this court reserving jurisdiction solely and only to enforce compliance herewith.