ZURICH INSURANCE COMPANY *v.* ROMBOUGH

Opinion of the Court

1. Insurance—Defense—Duty—Policy Coverage.
    An insurer must defend an insured when the pleadings show the cause of action to be within policy coverage.

2. Insurance—Defense—Duty—Pleadings.
    An insurer's duty to defend an insured is measured by the allegations in a complaint for an insurer's duty to defend does not depend upon its liability to pay.

3. Insurance—Defense—Duty—Pleadings.
    Insurer had a duty to defend the insured under his motor vehicle liability policy where the plaintiff alleged that the insured was the owner of a vehicle driven with the insured's knowledge and consent, and was therefore liable for the driver's

References for Points in Headnotes
[1–12] 44 Am Jur 2d, Insurance §§ 1535–1559.
    Liability insurer's duty to defend action against an insured after insurer's full performance of its payment obligations under policy. 27 ALR3d 1057.

negligence under the owner-liability statute and the allegations, if true, would subject the insured to liability covered by the policy (MCLA § 257.401).

4. INSURANCE — DEFENSE — DUTY — ENDORSEMENT — EXTRINSIC EVIDENCE.

Insurer had a duty to defend the insured in a motor vehicle negligence action even though a policy endorsement excluded coverage while the insured's vehicle or any attached trailer was being used to carry property in any business, since it was only by the introduction of extrinsic evidence showing that the driver of the insured's vehicle was hauling a trailer with business goods at the time of the collision that the insurer might defeat coverage.

DISSENTING OPINION
J. H. GILLIS, P. J.

5. INSURANCE—DEFENSE—DUTY—POLICY COVERAGE—LIABILITY.

*An insurer can only be required to defend those actions in which the factual allegations, if proved, establish the insured's liability within the policy coverage.*

6. INSURANCE—DEFENSE—DUTY—LIABILITY—POLICY COVERAGE.

*Ambiguous complaint alleging that an insured was the owner of a tractor-trailer unit negligently driven by another person with the insured's knowledge and consent, even if true, did not subject the insured to liability covered by his policy, thus obligating the insurer to defend, where a policy endorsement excluded liability coverage while the automobile or any trailer attached to it was used to carry property in any business, without a prior determination whether the tractor-trailer was carrying business goods at the time of collision.*

7. INSURANCE — DEFENSE — DUTY — POLICY COVERAGE — EXTRINSIC EVIDENCE.

*An insurer has no obligation to defend its insured until it is first determined that the insured's vehicle at the time of collision was being used in a manner covered by his policy and an injured plaintiff's pleadings cannot provide an appropriate measure of the insurer's duty to defend; this must be found by extrinsic evidence.*

8. INSURANCE—DEFENSE—DUTY—DECLARATORY JUDGMENT.

*The scope of an insurer's obligation to defend can be ideally determined in a declaratory judgment action by either the insurer or the insured.*

9. INSURANCE — DEFENSE — DUTY — GROUNDLESS ACTIONS — POLICY COVERAGE.

*A policy provision requiring an insurer to defend the insured against even groundless actions cannot be construed as imposing upon the insurer an absolute duty to defend claims outside the coverage of the insurance contract.*

10. INSURANCE—BOBTAIL COVERAGE—DEFINITION.

*"Bobtail coverage" refers to insurance sold at a low premium because of the limited coverage provided.*

11. INSURANCE—BOBTAIL COVERAGE—DEFENSE—DUTY.

*Insurer should not be required to defend an insured whose vehicle at the time of collision was excluded from policy coverage because it was carrying business property for which the insured had neither paid for nor obtained such insurance protection.*

12. INSURANCE—DEFENSE—DUTY—LIMITATION CLAUSE.

*Insurer should not have been required to defend a negligence action where the insured's vehicle at the time of collision was not being operated in a manner covered by his policy for this not only imposed upon the insurer an obligation for which the insured paid no consideration but also it emasculated the defense limitation clause which required the insurer to defend only those actions "with respect to such insurance as is afforded by this policy."*

Appeal from Clinton, Leo W. Corkin, J. Submitted Division 3 June 9, 1969, at Grand Rapids. (Docket No. 4,909.) Decided October 29, 1969. Leave to appeal granted January 21, 1970. See 383 Mich. 758.

Complaint by Zurich Insurance Company, an alien corporation, against Harry B. Rombough and Richard J. Latz for a declaratory judgment that it is not obligated under a policy of insurance to defend Rombough in an automobile negligence action brought against him by Latz. Judgment for plaintiff. Defendant Rombough appeals. Reversed.

*Cholette, Perkins & Buchanan (Don V. Souter,* of counsel), for plaintiff.

*Fildew, DeGree, Gilbride & Smith,* for defendant Harry B. Rombough.

*Clark Shanahan,* for defendant Richard J. Latz.

Before: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

R. B. BURNS, J.   Richard J. Latz is suing defendant Harry Rombough under the Michigan "owner-liability" statute, MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101) alleging that an automobile owned by defendant and driven with his knowledge and consent was involved in an accident.   Plaintiff Zurich Insurance Company, defendant's insurance carrier, obtained a declaratory judgment that it was not required to defend the defendant in the pending suit by Latz and defendant Rombough appeals.

At the time of the accident, December 20, 1963, defendant was insured by plaintiff under a policy which covered any vehicle owned by defendant, including the vehicle involved in the accident.   Defendant raised the defense in the Latz case that he was not the owner of the vehicle nor was the vehicle driven with his consent or knowledge.   On December 3, 1963, 17 days before the accident, defendant had transferred title of the vehicle and had removed his license plates.   The plates were subsequently stolen from the defendant and replaced on the vehicle.   The title transfer had not been completed by the secretary of state's office at the time of the accident.

The insurance contract between plaintiff and defendant obligated plaintiff to pay on behalf of defendant all sums which defendant shall be legally

obligated to pay for bodily injuries and for property damages. Other pertinent provisions are:

"II, Defense, Settlement, Supplementary Payments. With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

"(a) Defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent; but the company may make such investigation, negotiation, and settlement of any claim or suit as it deems expedient;"

The policy carried an endorsement which provided the policy did not apply "(b) while the automobile or any trailer attached thereto is used to carry property in any business."

Plaintiff conducted an investigation and discovered that at the time of the accident the vehicle was driven by Eugene Willhite who was engaged in the business of hauling a trailer which contained barrels of Phillips Degreasing Fluid. Plaintiff claims under the exclusion clause (b) in the contract there was no coverage, consequently it does not have any duty to represent the defendant.

The defendant asserts that under section II(a) of the contract the plaintiff has the duty to represent the defendant in the Latz case irrespective of the coverage stated in the policy.

Michigan authorities hold that an insurer must defend suits against the insured when pleadings show the cause of action to be within policy coverage, although *City Poultry & Egg Co.* v. *Hawkeye Casualty Co.* (1941), 297 Mich 509, would appear to hold the company responsible for the defense any time the policy provided for a defense. In the *Hawkeye* case, the Court held the undertaking to defend and

the undertaking for payment of damages were severable and independent. In *Duval* v. *Aetna Casualty & Surety Co.* (1943), 304 Mich 397, the policy provided coverage during the installation of heating equipment. Subsequently the insured was sued for negligent installation after the completion of the work. The Court held that the insurer was not required to defend the insured against claims excluded from coverage in the policy and that the provision in the policy for defense of the suit and the duty to pay damages were not separable. The Court distinguished the *Hawkeye* case:

"In the *Hawkeye case* the insurance coverage was in effect but subject to defeat by extrinsic evidence of noncoverage, while in the case at bar the policy itself expressly excluded coverage beyond a specified time and place."

*Burton* v. *Travelers Insurance Company* (1954), 341 Mich 30, involved a policy of insurance issued to a bar owner which expressly excluded coverage for assault and battery by the insured. The insured was sued for assault and battery and the company refused to defend the action on the ground that the complaint stated a cause of action outside the scope of coverage. The Court cited the *Duval* case and held that the insurer was not required to defend the insured against claims expressly excluded from coverage in the policy.

The latest case by the Michigan Supreme Court concerning our present question was *Guerdon Industries, Inc.,* v. *Fidelity & Casualty Company of New York* (1963), 371 Mich 12, where the Court stated:

"It is settled that the insurer's duty to defend the insured is measured by the allegation in plaintiff's pleading. The duty to defend does not depend upon insurer's liability to pay."

Turning to the present case, Latz instituted his action against Rombough, alleging that Rombough was the owner of a vehicle driven with his knowledge and consent, and that therefore he was liable for the driver's negligence under the statute. The complaint sets forth allegations which, if true, would subject Rombough to liability covered by the policy. It is only by the introduction of extrinsic evidence showing that the driver was hauling a trailer with goods, that coverage might be defeated. The plaintiff has a duty to represent the defendant in the original action.

Reversed. Costs to defendant.

V. J. Brennan, J., concurred.

J. H. Gillis, P. J. (*dissenting*). In this action for a declaratory judgment, the trial court concluded:

"It is the finding of the court that on the basis of the record in this case the tractor in question was attached to a trailer used to carry property in a business at the time the accident occurred; that the tractor in question was excluded from coverage under policy no. 54–87–120; and that because there is no coverage under the policy there is no obligation on plaintiff to defend defendant Rombough in any claim for damages in docket no. 335."

I would affirm.

The defense provision of the insurance contract is clear and unambiguous. It provides:

"*With respect to such insurance as is afforded by this policy* * * * the company shall: (a) Defend any suit against the insured * * * even if such suit is groundless." (Emphasis supplied.)

By its express terms, the policy clearly limits the insurer's obligation to defend. The insurer can only

be required to defend those suits in which the complaints allege facts which, if proved, establish liability upon the insured, *and with respect to such liability the policy provides coverage.* See *American Fidelity Co.* v. *Deerfield Valley Grain Co.* (D Vt, 1942), 43 F Supp 841, quoted with approval in *Duval* v. *Aetna Casualty & Surety Co.* (1943), 304 Mich 397, 401.

The majority conclude that Latz's complaint "sets forth allegations which, if true, would subject Rombough to liability covered by the policy." I disagree. On its face, the complaint is ambiguous. Latz alleged only that Rombough was owner of *a* tractor-trailer unit negligently driven with his knowledge and consent. Accepting these allegations as true, we cannot conclude that the liability imposed would be covered by the policy.[1] It must first be determined whether at the time of the accident "the automobile or any trailer attached thereto [was being] used to carry property in any business." In such a situation, resort to the allegations of the injured party's pleading[2] cannot provide an appropriate measure of the insurer's duty to defend. We must of necessity turn to extrinsic evidence; and, as in this case, an action for declaratory judgment by either the insurer[3] or the insured[4] provides an ideal

[1] Nor is it unusual that the allegations of Latz's complaint, even if accepted as true, fail to resolve the issue of coverage. The difficulty is that "[t]he draftsman of a complaint against the insured is not interested in the question of coverage which later arises between insurer and insured." *Ritchie* v. *Anchor Casualty Company* (1955), 135 Cal App 2d 245 (286 P2d 1000, 1003).

[2] "It is settled that the insurer's duty to defend the insured is measured by the allegation in plaintiff's pleading." *Guerdon Industries, Inc.,* v. *Fidelity & Casualty Company of New York* (1963), 371 Mich 12, 18.

[3] See *Guerdon Industries* v. *Fidelity & Casualty Company of New York, supra* fn. 2; *American Fidelity Co.* v. *Deerfield Valley Grain Co.* (D Vt, 1942), 43 F Supp 841.

[4] See *Guerdon Industries* v. *Fidelity & Casualty Company of New York, supra* fn. 2; *Economy Mills of Elwell, Inc.* v. *Motorists Mutual Insurance Company* (1967), 8 Mich App 451.

forum in which to determine the scope of an insurer's obligation to defend.[5]

Defendant does not challenge the trial court's finding that the specific vehicle involved was excluded from coverage under the policy. Notwithstanding this finding, defendant asserts that plaintiff is obliged to provide the defense in the Latz suit. This result, it is argued, is required since plaintiff has contracted to defend any suit, including groundless actions. In effect, we are urged to hold the policy's obligation to defend absolute. This we cannot do.

"The insurer is not required to defend the insured against claims expressly excluded from coverage in the policy. This exception in the policy is a part of the contract between the parties. The duty of the insurance company to defend was not independent of the duty to pay damages, if any. The two provisions are not separable." *Duval* v. *Aetna Casualty & Surety Co., supra,* 401, 402.

Accord, *Burton* v. *Travelers Insurance Company* (1954), 341 Mich 30; *Central Wholesale Company* v. *Wolverine Insurance Company* (1966), 4 Mich App 688. The provision requiring plaintiff to defend "even if such suit is groundless" cannot be construed as imposing upon the insurer the duty to defend

[5] See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 687. In fact, an action for declaratory judgment may provide the only solution to the dilemma confronting the insurer. "The decision whether or not to defend the injured person's suit is frequently difficult for the insurer. This is particulary so where the insurer desires to show that the injured party's allegations refer to facts excluded from the policy coverage. If under such circumstances the insurer refuses to defend and decides to await the determination of its obligation in a subsequent proceeding against it, it must do so at its peril, and if it guessed wrong it must bear the consequences, legal or otherwise, of its breach of contract. * * * However, the insurer may have [a] solution available in its dilemma. It may seek to secure an adjudication of nonliability by way of a declaratory judgment. Such a judgment, if available, settles definitely the question of its duty to defend." Annotation, "Allegations in Third Person's Action against Insured as Determining Liability Insurer's Duty to Defend," 50 ALR2d 458, 462, 463.

claims outside the coverage of the insurance contract. See Annotation, "Allegations in Third Person's Action against Insured as Determining Liability Insurer's Duty to Defend." 50 ALR2d 458, 474.

In the present case, defendant did not pay for, or secure, insurance protection against the claim asserted by Latz. The trial court noted that under defendant insured's policy "the coverage was bobtail coverage only." Such insurance is sold at a low premium because of the limited coverage provided.[6] The majority, in effect, impose upon the insurance company an obligation for which the company has received no consideration. The result emasculates the policy's express limitation upon the insurer's obligation to defend. The provision requiring plaintiff to defend only those suits "with respect to such insurance as is afforded by this policy" is rendered meaningless. This we have no right to do.

"This Court recognizes the cardinal principle of construction that a contract is to be construed as a whole and that all of its parts are to be harmonized so far as reasonably possible; that no part is to be taken as eliminated or stricken by some other part unless such a result is fairly inescapable." *Burton v. Travelers Insurance Co., supra,* p 32.

In *Kramarczyk v. Jontz* (1937), 282 Mich 208, 211, the Court considered the very question now before us.

"If there was no coverage in this instance, may the insurer be held to the obligation of defending the actions brought against the insured and, therefore, liable for the expense of the defense and the costs taxed in such suits?"

In my view, the Court's response controls this case.

---

6 For a discussion of the nature and scope of "bobtail" coverage, see *Ayers* v. *Kidney* (CA 6, 1964), 333 F2d 812, 813.

"We need but say that, if the insurance did not cover the car, there was no obligation to take care of the defense." *Kramarczyk* v. *Jontz, supra,* p 212.

The judgment should be affirmed.