SNYDER *v.* WOLVERINE MUTUAL MOTOR INSURANCE CO.

INSURANCE—FRAUD—ESTOPPEL.

> Where, in an action for fraud in the sale of a policy of automobile insurance, it appeared that plaintiff did not read the application, but relied on the statement of the agent, and did not read the policy, which complied with said application, until after a liability had been incurred thereunder, he was estopped to assert that he had been defrauded as to the amount of liability insured against.[1]

Error to Kalamazoo; Weimer (George V.), J. Submitted June 3, 1925. (Docket No. 15.) Decided July 16, 1925.

Case by J. Allen Snyder against the Wolverine Mutual Motor Insurance Company for fraud. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Mason & Sharpe (Jackson, Fitzgerald & Dalm,* of counsel), for appellant.

*Thomas J. Cavanaugh,* for appellee.

McDONALD, C. J. This action was brought to recover damages for fraud in the sale of an automobile insurance policy. The plaintiff is a dentist engaged in the practice of his profession in Kalamazoo, Michigan. In 1918, he owned a Buick automobile of the value of $800. Mrs. Minnie Buell, an agent of the defendant, solicited him to take out a policy with her company. He did so. The facts as to the representations made by the agent are undisputed. The agreement was that he was to receive a policy insur-

---

[1] Motor Vehicles, 28 Cyc. p. 50 (Anno).

ing him against loss from fire or theft in the sum of $800 and against liability for $5,000. With this understanding he signed an application and received his policy. Neither the application nor the policy contemplated such insurance as the agent had agreed to furnish. In both the liability of the defendant company was limited to $800. The plaintiff did not read the application before he signed it and did not read the policy when he received it. His excuse for not doing so is that he trusted in the honesty of the agent. He received and retained the policy supposing that he was protected to the extent of $5,000. A few months later he had a collision with a motorcycle on account of which a judgment for damages in the sum of $4,075 was obtained against him. That action was defended by the company. The plaintiff was advised not to make any settlement and was promised by the field manager and by the attorney that the company would pay the judgment if one was obtained against him. After judgment the defendant company refused to pay more than $800, informing the plaintiff that such amount was the limit of its liability under the policy. Up to this time the plaintiff had not examined the policy but had rested in the belief that the company had given him such a policy as the agent had agreed to furnish. He then began this suit for damages on the theory that, following a general scheme to defraud, the defendant had agreed to issue to him a policy in which he was protected to the extent of $5,000, and through fraud and deceit he was led to accept a policy which did not afford him the protection that defendant agreed to furnish.

We think that the circuit judge correctly disposed of the case. The defendant issued and delivered to the plaintiff the kind of policy that his application called for. He supposed that the application was for a policy in which he would be protected to the extent

of $5,000, but he would have known better if he had read it.   He was not prevented from doing so by any trick or artifice, and was as competent to transact the business as was the agent.   By reading the application he could have prevented the fraud complained of.   His failure to do so was inexcusable negligence.   And when he received the policy it was his duty to examine it to see if it conformed to his agreement with the agent.   He did not do so but put it away unread until a question arose some months later in regard to the extent of the defendant's liability.   Having negligently failed to read the application and having accepted and retained the policy for an unreasonable time without examining it, he is now estopped in this action at law from asserting that he was defrauded.   The law applicable to the facts and circumstances of this case is discussed and authorities cited in the note to *Bostwick* v. *Insurance Co.*, 67 L. R. A. 705 (116 Wis. 392, 89 N. W. 538, 92 N. W. 246).

The judgment is affirmed, with costs to the defendant.

CLARK, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.   SHARPE and WIEST, JJ., did not sit.