MONTGOMERY v FIDELITY & GUARANTY
LIFE INSURANCE COMPANY

Docket No. 260493. Submitted September 7, 2005, at Detroit. Decided
September 20, 2005. Approved for publication December 1, 2005,
at 9:05 a.m.

Cynthia R. Montgomery brought an action in the Oakland Circuit
Court against Fidelity & Guaranty Life Insurance Company and
an insurance agent, seeking to collect on a life insurance policy on
her husband. The insurance company had denied the claim on the
basis that the decedent and the plaintiff misrepresented on the
application for insurance that the decedent was not a smoker. The
court, Wendy Lynn Potts, J., granted summary disposition for the
insurance company. The plaintiff appealed.

The Court of Appeals *held*:

1. Because the plaintiff and the decedent signed the appli-
cation stating that they had read the questions and answers in
it and that the information provided was complete, true, and
correctly recorded, there was no genuine issue of material fact
that the decedent made a material misrepresentation in the
application that entitled the defendant to rescind or avoid the
policy. MCL 500.2218 provides that an insurer may rescind an
insurance policy if the insurer discovers that an insured made a
material misrepresentation on the application for insurance and
that the misrepresentation affected either the acceptance of the
risk or the hazard assumed by the insurer. Because the insur-
ance company's underwriter stated that the company would not
have issued the policy if it had been aware of the decedent's
smoking habit, the misrepresentation about the decedent's
smoking habit was material.

2. No evidence was presented that the insurance agent actually
saw the decedent smoke or had knowledge that he was a smoker,
so no knowledge of the decedent's smoking may be imputed to the
insurance company. Even if the insurance agent filled out the
application and did have knowledge of the decedent's smoking
habit, the plaintiff and the decedent had the opportunity to review
the application and correct any errors before signing and submit-
ting it.

Affirmed.

1. INSURANCE — LIFE INSURANCE — MATERIAL MISREPRESENTATIONS.

An insurer may rescind a life insurance policy if it discovers that an insured made a material misrepresentation on the application for insurance and that the misrepresentation affected either the acceptance of the risk or the hazard assumed by the insurer, without regard to whether a causal connection exists between the misrepresentation and the death. (MCL 500.2218).

2. CONTRACTS — ACTIONS ON CONTRACTS — DEFENSES — FAILURE TO READ CONTRACTS.

The failure to read an agreement is not a valid defense to the enforcement of a contract; a contracting party has a duty to examine a contract and know what that party has signed, and the other contracting party cannot be made to suffer for the neglect of that duty.

*Dan Thomas Ryan, P.C.* (by *Dan T. Ryan*), for Cynthia R. Montgomery.

*Raymond & Prokop, P.C.* (by *Elaine A. Parson* and *Jeffrey D. Wilson*), for Fidelity & Guaranty Life Insurance Company.

Before: HOEKSTRA, P.J., and GAGE and WILDER, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant, Fidelity & Guaranty Life Insurance Company.[1] We affirm.

In April 2002, plaintiff and her decedent husband applied for a life insurance policy with defendant. Although the decedent had a significant cigarette-smoking habit, the application reflects that he had not used tobacco within the previous five years. After

---

[1] Because defendant Aaron T. Binder, doing business as American Classic Agency, is not a party to this appeal, the term "defendant" refers only to Fidelity & Guaranty Life Insurance Company.

defendant accepted their application, it issued a policy[2] and collected their premiums. In May 2002, the decedent was killed in an automobile accident. Shortly after the decedent died, plaintiff received the policy and filed a claim for death benefits. When defendant reviewed the clinical notes from the decedent's doctor visits and the toxicology report from the decedent's autopsy, it discovered that the decedent had been a smoker and denied the claim. Defendant also refunded the premiums and rescinded the life insurance contract because it found that plaintiff and the decedent had made a material misrepresentation—that the decedent did not use tobacco—on the life insurance application.

Plaintiff argues that the trial court erred in granting defendant summary disposition because there is an issue of fact regarding whether plaintiff or the decedent made a material misrepresentation on the insurance application. We review de novo a trial court's decision on a motion for summary disposition. *Rose v Nat'l Auction Group, Inc*, 466 Mich 453, 461; 646 NW2d 455 (2002). When reviewing a decision on a motion for summary disposition pursuant to MCR 2.116(C)(10), "we consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. Summary disposition is appropriately granted, "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*.

---

[2] Plaintiff asserted that, although she and the decedent had applied for a $244,000 policy, defendant issued a $50,000 policy. In her complaint, plaintiff claimed that the agent and defendant unilaterally changed the amount on the application, thereby reducing the amount of the policy. However, in this appeal, plaintiff does not raise an issue regarding this alleged reduction in the policy amount.

MCL 500.2218 provides that an insurer may rescind an insurance policy if it discovers that an insured made a material misrepresentation on the application for insurance and that the misrepresentation affected either the acceptance of the risk or the hazard assumed by the insurer.[3] See *Oade v Jackson Nat'l Life Ins Co*, 465 Mich 244, 252-253; 632 NW2d 126 (2001). The term "acceptance of the risk" refers to the time at which the contract was made and the insurance concept of risk. *In re Certified Question (Wickersham v John Hancock Mut Life Ins Co)*, 413 Mich 57, 63; 318 NW2d 456 (1982). An insurer's evaluation of the likelihood of a factor increasing the risk of loss affects its decision to enter into a contract. *Id.* A misrepresentation on an insurance application is material if, given the correct information, the insurer would have rejected the risk or charged an increased premium. *Oade, supra* at 254. Because defendant's underwriter stated in his affidavit that defendant would not have issued the policy if it had been aware of the decedent's smoking habit, the misrepresentation about the decedent's smoking habit was material. If a misrepresentation is material, Michigan law does not require that a causal connection exist between the misrepresentation and the death. *Wickersham, supra* at 67.

Plaintiff asserts that the agent is the one who actually completed the application and that neither she nor the decedent read the application before signing. Plaintiff's argument is misplaced. Whether it was plaintiff,

---

[3] We note that acceptance of the risk and hazard assumed are terms with different meanings. *In re Certified Question (Wickersham v John Hancock Mut Life Ins Co)*, 413 Mich 57, 62; 318 NW2d 456 (1982). For a representation to be material to the hazard assumed—the death of an insured in this context—it must contribute to the death in a substantial manner. *Id.* However, this appeal only concerns whether the misrepresentation was material to acceptance of the risk.

the decedent, or the agent who misrepresented the decedent's tobacco use on the application is not material because plaintiff and the decedent signed the authorization, stating that they had read the questions and answers in the application and that the information provided was complete, true, and correctly recorded. It is well established that failure to read an agreement is not a valid defense to enforcement of a contract. *Snyder v Wolverine Mut Motor Ins Co,* 231 Mich 692, 694; 204 NW 706 (1925); *Marlo Beauty Supply, Inc v Farmers Ins Group of Cos,* 227 Mich App 309, 324; 575 NW2d 324 (1998), mod on other grounds *Harts v Farmers Ins Exch,* 461 Mich 1, 10-11; 597 NW2d 47 (1999). A contracting party has a duty to examine a contract and know what the party has signed, and the other contracting party cannot be made to suffer for neglect of that duty. *Komraus Plumbing & Heating, Inc v Cadillac Sands Motel, Inc,* 387 Mich 285, 291; 195 NW2d 865 (1972), applying *Liska v Lodge,* 112 Mich 635, 637-638; 71 NW 171 (1897). Regardless of who actually completed the application, plaintiff and decedent both signed the authorization, attesting to the completeness and truth of the answers, after the application was completed.[4] Thus, plaintiff and the decedent had the opportunity to review the application and correct any errors before submitting it. We therefore conclude that there was no genuine issue of material fact that the decedent made a material misrepresentation on the application, entitling defendant to rescind or avoid the policy.

---

[4] Plaintiff relies on *Smith v Globe Life Ins Co,* 460 Mich 446; 597 NW2d 28 (1999), and asserts that the signed application constitutes only prima facie evidence of misrepresentation. However, we distinguish *Smith* because there is no dispute that the agent actually completed the application. Furthermore, plaintiff and the decedent signed the authorization *after* the application was completed, thus attesting to its truth and completeness.

Plaintiff also argues that defendant should not be permitted to rescind the contract because its agent had knowledge of the decedent's smoking habit and that this knowledge should be imputed to defendant. Although there is evidence that there were ashtrays in the decedent's home and the home smelled of cigarette smoke, plaintiff has not presented any evidence to suggest that the agent actually saw the decedent smoke or had knowledge that he was a smoker. There is therefore no knowledge to be imputed to defendant. Even if the agent did have knowledge of the decedent's smoking habit, plaintiff and the decedent had the opportunity to review the application and correct any errors before submitting it.

Affirmed.