# STATE OF MICHIGAN

# COURT OF APPEALS

PANSY REID,

       Plaintiff-Appellee,

v

MICHIGAN PROPERTY & CASUALTY
GUARANTY ASSOCIATION,

       Defendant-Appellant.

UNPUBLISHED
January 21, 2016

No. 323673
Wayne Circuit Court
LC No. 13-014662-NI

Before: STEPHENS, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] an order denying its motion for summary disposition in this no-fault action. Because a material question of fact remains, the trial court properly denied defendant's motion for summary disposition and we affirm.

Plaintiff brought the present lawsuit, seeking benefits under a no-fault policy for injuries she sustained in an automobile accident on November 14, 2012. At the time of the accident plaintiff lived with her daughter and son-in-law, Melissa and Philip Parham, and she had been living with them for several years. Further, when the accident occurred, she was driving a vehicle owned and registered by Philip. The Parhams obtained no-fault insurance through American Fellowship Mutual Insurance Company (AFMIC), which dissolved in 2013 at which time defendant assumed AFMIC's underwriting files. When completing applications for insurance in 2008 and 2009, Philip answered "no" when asked if there were "additional licensed residents" in the household or "additional drivers" of the vehicles. It is undisputed that plaintiff lived with the Parhams when Philip completed these forms and that she was a licensed driver.

Based on Philip's failure to report plaintiff's presence in the home, defendant moved for summary disposition in this case, arguing that the insurance applications completed by Philip contained material misrepresentations or fraudulent statements that rendered the policy void *ab*

---

[1] *Reid v Mich Prop & Cas Guaranty Ass'n*, unpublished order of the Court of Appeals, entered March 16, 2015 (Docket No. 323673).

-1-

*initio*. Following a hearing, the trial court denied defendant's motion finding "that maybe there is a sliver of a question of fact here in this case." Defendant now appeals as on leave granted.

On appeal, defendant argues that, given plaintiff's undisputed residency in the Parham's home, there is no genuine issue of material fact that Philip Parham made fraudulent misrepresentations on the insurance forms, thus making the policies void *ab initio*.

This Court reviews de novo decisions on motions for summary disposition. *Sherry v East Suburban Football League*, 292 Mich App 23, 26; 807 NW2d 859 (2011). Summary disposition under MCR 2.116(C)(10) is appropriate "when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* "In presenting a motion for summary disposition, the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "The burden then shifts to the nonmoving party to demonstrate that a genuine issue of disputed fact exists for trial." *McCoig Materials, LLC v Galui Const, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012). The affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties must be viewed in a light most favorable to the nonmoving party. *Sherry*, 292 Mich App at 27. "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

Generally speaking, under Michigan law, "[i]nsurance policies are contracts and, in the absence of an applicable statute, are subject to the same contract construction principles that apply to any other species of contract." *Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012) (citation and quotation marks omitted). Therefore, unless prohibited by statute, insurers may use common-law defenses to avoid policies, including duress, waiver, estoppel, fraud, and unconscionability. *Id.* at 554-555. Fraud includes fraudulent misrepresentations, innocent misrepresentations, and silent fraud. *Id.* To establish a claim of fraudulent misrepresentations, such as defendant alleges in the present case, the party alleging fraud must show:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. [*Id.* (citation omitted).]

In the context of an application for insurance, a misrepresentation is "material" when "communication of it would have had the effect of substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium." *Oade v Jackson Nat Life Ins Co of Mich*, 465 Mich 244, 254; 632 NW2d 126 (2001); see also *Montgomery v Fid & Guar Life Ins Co*, 269 Mich App 126, 129; 713 NW2d 801 (2005). An insurer seeking to avoid a policy based on allegations of fraud or material misrepresentations, has the burden of proving the occurrence of fraud or material misrepresentations. *Stein v Home-Owners Ins Co*, 303 Mich App 382, 391; 843 NW2d 780 (2013); *Szlapa v Natl Travelers Life Co*, 62 Mich App 320, 325; 233 NW2d 270 (1975).

In this case, the trial court properly denied defendant's motion for summary disposition because defendant failed to satisfy its initial burden of bringing forth evidence to establish that any misrepresentation by Philip was "material." That is, defendant offers no evidence to establish that knowledge of plaintiff's presence in the home would have led defendant to reject Philip's application for insurance or to charge a higher premium for the policy. Cf. *Montgomery*, 269 Mich App at 129 ("Because defendant's underwriter stated in his affidavit that defendant would not have issued the policy if it had been aware of the decedent's smoking habit, the misrepresentation about the decedent's smoking habit was material."). In the absence of such evidence, defendant has failed to support its position that "material" misrepresentations rendered the policy voidable *ab initio* and the trial court thus properly concluded that a material question of fact remained. See *id.*; see also *Meyer v City of Ctr Line*, 242 Mich App 560, 575; 619 NW2d 182 (2000) (finding summary disposition improperly granted where the moving party failed to support is position). In sum, the trial court properly denied defendant's motion for summary disposition under MCR 2.116(C)(10).[2]

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto

---

[2] On appeal, in light of *Titan Ins Co*, 491 Mich at 559-571, the parties also discuss whether MCL 257.520(f)(1) or plaintiff's status as an innocent third-party precluded defendant from attempting to avoid the policy on the basis of Philip's misrepresentations. Similar issues are currently before this Court on remand for consideration as on leave granted. See *Bazzi v Sentinel Ins Co*, 497 Mich 886; 854 NW2d 897 (2014). Having determined that defendant was not entitled to summary disposition, we find it unnecessary to consider these additional issues in this case.