*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHAUNTE JOHNSON,

        Plaintiff-Appellant,

UNPUBLISHED
March 21, 2024

v

No. 363807
Wayne Circuit Court
LC No. 22-005281-CD

BEST BUY COMPANY, INC.,

        Defendant-Appellee.

Before: GADOLA, C.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

In this action alleging harassment, unequal pay, and retaliation, plaintiff appeals as of right the order granting defendant's motion to compel arbitration under MCR 2.116(C)(7). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This matter concerns the enforcement of an employment contract's arbitration provision. Defendant had a mutually binding arbitration policy with its applicants and employees. All applicants were required to complete an electronic application to be considered for employment. Applicants and new hires were provided a link to the arbitration policy, which, when clicked, opened the complete policy in a window. Applicants were required to review and affirmatively agree to the arbitration policy before submitting their application. Once hired, employees were again required to read and affirmatively agree to the policy before accepting offers of employment.

Plaintiff submitted an electronic application and was hired for a position. The record of plaintiff's responses showed she agreed to defendant's arbitration policy on more than one occasion. When plaintiff's employment was terminated, she filed a complaint against defendant in circuit court. Defendant moved for summary disposition, requesting an order to compel plaintiff to arbitrate, which the trial court granted. This appeal followed.

## II. DISCUSSION

Plaintiff argues the trial court improperly granted defendant's motion to compel arbitration.

## A. STANDARD OF REVIEW

"Arbitration is a matter of contract." *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016) (quotation marks and citation omitted). "[T]his Court reviews de novo a trial court's interpretation of contractual language." *Westfield Ins Co v Ken's Serv*, 295 Mich App 610, 615; 815 NW2d 786 (2012). "This Court reviews de novo a circuit court's decision on a motion for summary disposition brought under MCR 2.116(C)(7)." *Altobelli*, 499 Mich at 294-295. "Under MCR 2.116(C)(7), summary disposition is appropriate if a claim is barred because of an agreement to arbitrate[.]" *Id*. at 295 (quotation marks omitted; alteration in original). "Whether a particular issue is subject to arbitration is also reviewed de novo." *Id*.

## B. LAW AND ANALYSIS

"An arbitration agreement is a contract by which the parties forgo their rights to proceed in civil court in lieu of submitting their dispute to a panel of arbitrators." *Galea v FCA US LLC*, 323 Mich App 360, 369; 917 NW2d 694 (2018) (quotation marks and citation omitted). "[W]hen interpreting an arbitration agreement, [this Court] appl[ies] the same legal principles that govern contract interpretation." *Altobelli*, 499 Mich at 295. The "primary task is to ascertain the intent of the parties at the time they entered into the agreement, which [this Court] determine[s] by examining the language of the agreement according to its plain and ordinary meaning." *Id*. "The general policy of this State is favorable to arbitration." *Id*. (quotation marks and citation omitted). "The burden is on the party seeking to avoid the agreement, not the party seeking to enforce the agreement." *Id*.

Plaintiff first argues the arbitration provision was invalid because there was no valid offer and acceptance required for a mutual agreement. "A valid contract requires five elements: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 101; 878 NW2d 816 (2016) (quotation marks and citation omitted). Here, plaintiff accepted the offer to arbitrate all matters arising from her application and subsequent employment when, both in her application and subsequent offer for employment, she voluntarily undertook the unequivocal act of clicking "I Agree." See *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 453-454; 733 NW2d 766 (2006) ("[A]n acceptance sufficient to create a contract arises where the individual to whom an offer is extended manifests an intent to be bound by the offer, and all legal consequences flowing from the offer, through voluntarily undertaking some unequivocal act sufficient for that purpose.") (quotation marks and citation omitted; alteration in original).[1]

---

[1] A clickwrap agreement is one that "require[s] the user to manifest assent to the terms [contained on a website] by clicking on an icon." *Traton News, LLC v Traton Corp*, 528 F Appx 525, 526 n1 (CA 6, 2013). As the Tenth Circuit has noted, "[c]lickwrap agreements are increasingly common and 'have routinely been upheld.' " *Hancock v AT&T Co*, 701 F3d 1248, 1256 (CA 10, 2012), quoting *Smallwood v NCsoft Corp*, 730 F Supp 2d 1213, 1226 (D Haw, 2010). Courts apply traditional contract principles and evaluate "whether a clickwrap agreement's terms were clearly presented to the consumer, the consumer had an opportunity to read the agreement, and the

Plaintiff cites to the Supreme Court's order in *McMillon v City of Kalamazoo*, ___Mich___,___; 983 NW2d 79 (2023), in support of her argument that there was no mutuality of agreement. The *McMillon* Court held that a genuine issue of fact existed as to mutuality of agreement to support a contractual limitations period when the plaintiff was not hired after signing the agreement, and was instead hired more than a year later without signing anything additional. *McMillon*, 983 NW2d at 80. While "[a]n order of [our Supreme Court] is binding precedent if it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision," *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012), the case is readily distinguishable. In *McMillon*, the plaintiff's employment application included a statement shortening the statute of limitations period for employment claims, which the plaintiff did not assent to when she was hired for a new position a year after her initial employment application was rejected. Here, plaintiff was presented the arbitration policy while applying for employment. She was unable to advance in the application process without clicking "I agree." Plaintiff was presented the arbitration policy a second time as part of her offer of employment, and again clicked "I agree." Plaintiff was offered employment several days later. Because there was not a lengthy delay between her application and acceptance, and no dispute that she twice electronically agreed to arbitration, the facts are distinguishable from *McMillon*.

Additionally, plaintiff argues the arbitration policy lacked a signature block, suggesting defendant could not prove plaintiff accepted this provision. "A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Kloian*, 273 Mich App at at 454 (quotation marks and citation omitted). There is no factual dispute that plaintiff objectively manifested her assent to the arbitration provision on multiple occasions when she clicked "I Agree," rendering the presence of a signature block immaterial.

Plaintiff next argues the arbitration policy was not explained to her, suggesting defendant had a duty to explain and make its terms clear to her. "Michigan law presumes that one who signs a written agreement knows the nature of the instrument so executed and understands its contents." *Galea*, 323 Mich App at 369 (quotation marks and citation omitted). "A contracting party has a duty to examine a contract and know what the party has signed, and the other contracting party cannot be made to suffer for neglect of that duty." *Montgomery v Fidelity & Guaranty Life Ins Co*, 269 Mich App 126, 130; 713 NW2d 801 (2005). Defendant presented unrebutted evidence that plaintiff electronically agreed to the terms of the arbitration provision. Indeed, plaintiff does not deny clicking "I Agree" twice, once on her employment application and again when accepting the offer of employment, showing her acceptance of the arbitration policy. Accordingly, plaintiff has not provided evidence placing into question whether she knowingly and voluntarily entered into the arbitration agreement. Plaintiff had the burden to provide that evidence as the party who sought to avoid the agreement, *Altobelli*, 499 Mich at 295, and simply stating the agreement was

---

consumer manifested an unambiguous acceptance of the terms." *Hancock*, 701 F3d at 1256, citing *Specht v Netscape Communications Corp*, 306 F3d 17, 28-32 (CA 2, 2002).

not explained to her does not relieve plaintiff of her duties to perform under the agreement she voluntarily entered into and was presumed to understand.

Next, plaintiff argues that the trial court erred when it found the arbitration policy was supported by consideration. "To have consideration there must be a bargained-for exchange[.]" *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 508; 885 NW2d 861 (2016) (quotation marks and citation omitted). Consideration requires "a benefit on one side, or a detriment suffered, or service done on the other." *Id*. (quotation marks and citation omitted). "Generally, courts do not inquire into the sufficiency of consideration: [a] cent or a pepper corn, in legal estimation, would constitute a valuable consideration." *Id*. (quotation marks and citation omitted; alteration in original). Plaintiff applied for employment, and in return, defendant reviewed her application. This constitutes sufficient consideration. Although plaintiff argues defendant reviewing her application was not consideration because defendant was not obligated to do so, making the promise illusory,[2] the undisputed fact is that defendant did review and consider her application. Additionally, plaintiff focuses solely on the application, but neglects to address the undisputed fact that she consented to the arbitration agreement when accepting defendant's offer of employment. The trial court did not err when it found sufficient consideration existed to support the agreement.

Lastly, plaintiff contends it is against public policy to permit large employers, like defendant, to force all applicants who submit applications electronically to arbitrate their employment claims, when they likely do not understand what arbitration means.

"[A]s a general rule, making social policy is a job for the Legislature, not the courts[.]" *Smith v Town & Country Props II, Inc*, 338 Mich App 462, 478; 980 NW2d 131 (2021). Regardless, "Michigan public policy favors arbitration to resolve disputes[.]" *Rooyakker & Sitz, PLLC v Plante & Moran, PLLC*, 276 Mich App 146, 155; 742 NW2d 409 (2007). This Court has approvingly stated that "arbitration [is] an inexpensive and expeditious alternative to litigation." *Rembert v Ryan's Family Steak Houses, Inc*, 235 Mich App 118, 123; 596 NW2d 208 (1999). It is unclear what public policy would be violated by enforcing valid arbitration provisions, and which of plaintiff's rights would be infringed by enforcement of the agreement. The arbitration agreement simply determines the forum in which plaintiff must raise her grievances. It does not restrict her from pursuing any grievances, or from having an opportunity to be heard.[3]

## III. CONCLUSION

The trial court properly granted defendant's motion to compel arbitration because plaintiff agreed to be bound to arbitration when she applied for, and accepted, defendant's offer of employment.

---

[2] See *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 523 n 4; 847 NW2d 657 (2014), citing *Black's Law Dictionary* (9th ed), p 1332, defining an "illusory promise" as "so insubstantial as to impose no obligation[.]"

[3] We decline to consider plaintiff's unfounded and unsupported argument that the general public does not understand what arbitration means.

Affirmed.  Defendant, as prevailing party, may tax costs.  MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray