*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MCKENNA FROWNFELTER,

      Plaintiff-Appellant,

v

ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Defendant/Third-Party Plaintiff-
      Appellee,

and

PROGRESSIVE MICHIGAN INSURANCE
COMPANY, FARMERS INSURANCE
COMPANY, and AUTO-OWNERS INSURANCE
COMPANY,

      Third-Party Defendants-Appellees.

UNPUBLISHED
February 24, 2025
11:42 AM

No. 366118
Oakland Circuit Court
LC No. 2020-184089-NF

MCKENNA FROWNFELTER,

      Plaintiff-Appellant,

v

COREY FROWNFELTER, AUTO-OWNERS
INSURANCE COMPANY, and ESURANCE
PROPERTY AND CASUALTY INSURANCE
COMPANY,

      Defendants-Appellees.

No. 366120
Oakland Circuit Court
LC No. 2022-192235-NI

-1-

Before: LETICA, P.J., and GARRETT and FEENEY, JJ.

GARRETT, J. (*concurring in part and dissenting in part*).

Although I agree with the majority's analysis in Docket No. 366118 regarding plaintiff's domicile pursuant to the divorce judgment and our Supreme Court's decision in *Grange Ins Co of Mich v Lawrence*, 494 Mich 475; 835 NW2d 363 (2013), I disagree with the majority's determination that the same analysis controls whether plaintiff was a resident of Corey Frownfelter's household in Docket No. 366120. Because that issue must be determined based on the Esurance policy, I would reverse the trial court's order denying plaintiff's motion for summary disposition and remand for further proceedings.

When interpreting an insurance contract, courts employ a two-step approach. *Auto Owners Ins Co v Seils*, 310 Mich App 132, 146; 871 NW2d 530 (2015). First, we determine whether the policy provides coverage. *Id.* If so, we next determine whether an exclusion negates the coverage. *Id.* In Docket No. 366118, we determined that Esurance, Frownfelter's insurer, is the insurer responsible for coverage. Esurance argues that an exclusionary clause, or step-down provision, in the policy limits coverage to $20,000. The provision at issue states:

> To the extent that the limits of liability for this coverage exceed the *"minimum limits"* of liability required by the financial responsibility law of the state in which a *"covered auto"* is principally garaged, *"we"* do not provide Liability Coverage for any *"insured"*:
>
> A. For *"bodily injury"* to *"you"* or any *"family member"* for any damages in excess of the *"minimum limits"*.

The policy defines "family member" as "[a]ny person related to *'you'* by blood, marriage, or adoption who is a resident of *'your' 'household'*[.]" Determining whether plaintiff was a resident of Frownfelter's household requires interpretation of the insurance policy.

Insurance contracts are interpreted in the same manner as other contracts. *Seils*, 310 Mich App at 145. Courts read the language of insurance contracts as a whole and give effect to every word, clause, and phrase. *McGrath v Allstate Ins Co*, 290 Mich App 434, 439; 802 NW2d 619 (2010). "When the policy language is clear, a court must enforce the specific language of the contract." *Id.* "[I]f an ambiguity exists, it should be construed against the insurer." *Id.* "An insurance contract is ambiguous if its provisions are subject to more than one meaning." *Id.*

The Esurance policy provided as follows:

> **WHEN THIS POLICY IS ISSUED, AND WHEN THIS POLICY IS RENEWED, WE RELY UPON THE TRUTH AND ACCURACY OF THE REPRESENTATIONS MADE IN THE APPLICATION FOR THIS INSURANCE. YOUR APPLICATION, THE POLICY TERMS AND CONDITIONS, ALL OTHER FORMS WE PROVIDE TO YOU AND ENDORSEMENTS ISSUED BY US, ARE PART OF, AND FORM YOUR POLICY.**

Under the section titled "**Driver and Resident Information**," the insurance application asked Frownfelter to identify all members of his household age 14 or older. He identified himself and his son Hunter, but he did not identify plaintiff, notwithstanding that she was 14 years old at that time. The application stated: "You, your spouse, all members of your household 14 years or older . . . are listed above." Because the policy specifically stated that the application, along with other documents, formed the policy, plaintiff was not a resident of Frownfelter's household under the policy and was therefore not a "family member" for purposes of the step-down provision.

I disagree with the majority's and the trial court's conclusion that plaintiff's domicile, determined under *Grange*, 494 Mich at 512 n 78, and the divorce judgment, controls plaintiff's residency with respect to the Esurance policy. Domicile and residence are distinct concepts, and the plain language of the policy dictated whether plaintiff was a resident of Frownfelter's household. A valid contract requires mutuality of agreement. *AFT Mich v Michigan*, 497 Mich 197, 235; 866 NW2d 782 (2015). Esurance and Frownfelter reached an agreement that was premised in part on Frownfelter's representation that only he and Hunter were household residents who were age 14 or older. "[A]n insurer has a reasonable right to expect honesty" with respect to an insurance application. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 407; 919 NW2d 20 (2018). In addition, an insurer's evaluation of its risk of loss generally affects the amount of the premium charged. See *Montgomery v Fid & Guar Life Ins Co*, 269 Mich App 126, 129; 713 NW2d 801 (2005). Because Esurance and Frownfelter agreed regarding the terms of the insurance contract, which required consideration of Frownfelter's representations, the risk of loss, and the premium charged, whether plaintiff was a resident must be determined in accordance with that agreement. Accordingly, I would hold that the trial court erred by determining that plaintiff was a resident of Frownfelter's household, and reverse and remand for further proceedings.


/s/ Kristina Robinson Garrett