*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

JAMES BOWLES,

        Plaintiff-Appellant,

v

CITIZENS UNITED RECIPROCAL EXCHANGE,

        Defendant-Appellee,

and

ARNELL STOKES,

        Defendant.

UNPUBLISHED
September 19, 2025
9:24 AM

No. 369258
Wayne Circuit Court
LC No. 22-007222-NI

---

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

PER CURIAM.

In this action for personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, plaintiff James Bowles appeals as of right[1] the trial court's order granting defendant Citizens United Reciprocal Exchange's (CURE's) motion for summary disposition, and deeming void *ab initio* plaintiff's insurance policy. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2021, plaintiff applied for car insurance from CURE for a 2016 Lexus and 2010 Mercedes Benz, and was granted the policy the next day. Plaintiff subsequently filed a

---

[1] This Court dismissed plaintiff's appeal without prejudice for failure to pursue the case in conformity with the rules, *Bowles v Citizens United Reciprocal Exchange*, unpublished order of the Court of Appeals, entered February 9, 2024 (Docket No. 369258), but subsequently reinstated the appeal, *Bowles v Citizens United Reciprocal Exchange*, unpublished order of the Court of Appeals, entered March 25, 2024 (Docket No. 369258).

claim with CURE for PIP benefits related to an accident that occurred with defendant Arnell Stokes[2] while driving the 2016 Lexus.

Plaintiff filed this action on June 17, 2022, alleging that CURE refused payment of the PIP benefits, and claiming breach of contract, declaratory relief, and uninsured or underinsured motorist benefits against CURE, and negligence against Stokes. The court subsequently dismissed the claim for uninsured or underinsured motorist benefits by stipulated order, and CURE moved for summary disposition of plaintiff's remaining claims against it under MCR 2.116(C)(8) and (10). CURE asserted that during litigation, it discovered plaintiff materially misrepresented his sole ownership of the vehicles on the insurance application, when in reality his daughter, Tianna Jones, held title to the 2016 Lexus, and the 2010 Mercedes was registered to Motor League Sports Academy. Thus, CURE argued, plaintiff's policy should be voided *ab initio* as a result of plaintiff's fraudulent misrepresentation. In doing so, CURE attached the affidavit of Denise Guest, CURE's underwriting manager, in which she stated that had CURE been aware of the misrepresentation, it would not have issued coverage for the vehicles.[3]

In response, plaintiff argued that CURE failed to meet its burden of proof as to several elements of fraudulent misrepresentation. Specifically, plaintiff asserted CURE failed to offer evidence that it suffered injury due to misrepresentation, or that the misrepresentation was material because Guest's affidavit offered no explanation as to why ownership information was material to CURE's underwriting process, and relied on CURE's underwriting rules in violation of MRE 1002, as the rules themselves had not been produced. Further, plaintiff argued that he was truthful in his application, or at least did not knowingly claim sole ownership of the 2016 Lexus, because while Jones physically purchased the vehicle, he owned and registered the vehicle, and that the court should not use the definition of owner in the no-fault act, which refers to title.

CURE filed a reply brief, asserting: (1) its underwriting process had no bearing on the materiality of plaintiff's misrepresentations; (2) the best evidence rule under MRE 1002 did not prevent the court from relying on Guest's affidavit; and (3) plaintiff knew his daughter was the titled owner of the 2016 Lexus when he completed his insurance application. The trial court ultimately agreed with CURE and granted summary disposition under MCR 2.116(C)(10), finding that plaintiff did not own the 2016 Lexus because he was not on the registration or title, and that CURE suffered harm as a result of plaintiff's misrepresentation, stating, "[I]t's an underwriting risk harm that insurance companies have very detailed underwriting standards and that they wouldn't have issued the policy, at least not under that price had they known all of the facts." In the order granting the motion, the court indicated it was a final order closing the case, deemed the

---

[2] Stokes is not a party to this appeal. Stokes was apparently never served, and dismissed from the case.

[3] CURE moved for leave to amend its affirmative defenses to plead fraud with particularity. We are unable to locate the court's order on that motion in the lower court record, but plaintiff does not challenge CURE's assertion of fraud as an affirmative defense.

insurance policy void *ab initio* on the basis of plaintiff's material misrepresentation, and dismissed plaintiff's claims with prejudice.[4]

## II. ANALYSIS

On appeal, plaintiff argues that CURE failed to meet its burden of proof as to fraud.

CURE brought its summary disposition motion under MCR 2.116(C)(8) and (10), but the court decided the motion under MCR 2.116(C)(10). We review de novo a trial court's decision on a motion for summary disposition. *Yopek v Brighton Airport Ass'n, Inc*, 343 Mich App 415, 422; 997 NW2d 481 (2022). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

> When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*Id.* (quotation marks and citations omitted).]

"Insurance policies are contracts and, in the absence of an applicable statute, are subject to the same contract construction principles that apply to any other species of contract." *Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012) (quotation marks and citation omitted). "[B]ecause insurance policies are contracts, common-law defenses may be invoked to avoid enforcement of an insurance policy, unless those defenses are prohibited by statute." *Id.* As the no-fault act does not provide a fraud defense to PIP coverage, the common-law defense of fraud in the inducement is available to no-fault insurers. *Howard v LM Gen Ins Co*, 345 Mich App 166, 172-173; 5 NW3d 46 (2023). Indeed, it "is well settled that an insurer is entitled to rescind a policy *ab initio* on the basis of a material misrepresentation made in an application for no-fault insurance." *Bradley v Westfield Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365828); slip op at 5 (quotation marks and citation omitted).

> [I]n order to justify rescission of PIP coverage with respect to preprocurement misrepresentations, the insurer must be able to demonstrate *common-law* fraud under equitable principles. It must be shown that: (1) the alleged fraudulent party made a material representation; (2) the representation was false; (3) the person making the representation knew it was false or acted recklessly in making the statement; (4) the person intended that the opposing party should act upon the representation; (5) the opposing party acted in reliance upon it; and so (6) suffered injury. [*Howard*, 345 Mich App at 173 (citations omitted).]

---

[4] CURE also filed a second motion for partial summary disposition, which the court seemed to briefly discuss at the motion hearing, but we see no order in the lower court record resolving that motion. But given the disposition of the first motion, neither party challenges the finality of the order appealed from.

On his insurance application, plaintiff indicated that both the 2016 Lexus and 2010 Mercedes were solely owned by and registered to him, and certified the accuracy of those statements. However, a title search performed by CURE revealed that the 2016 Lexus was purchased by, and titled to, plaintiff's daughter Jones. Jones testified in her deposition that she financed the 2016 Lexus for plaintiff because he did not want to use his own credit, and that plaintiff made the payments on the loan, but confirmed that she was listed on the vehicle's title, and never signed over title of the vehicle to plaintiff. Plaintiff corroborated Jones's testimony, testifying that Jones held title to the 2016 Lexus and that he was never put on the title, despite making the loan payments and obtaining registration for the vehicle himself. Plaintiff also testified that the 2010 Mercedes was originally in his name, but that he later switched ownership of the vehicle to his company, Minor League Sports.

Nevertheless, plaintiff asserts he made no knowing misrepresentations on the insurance application because: "[T]he purported misrepresentation had nothing to do with the title holder of any vehicle; on the contrary, the application asks only whether the vehicles are solely owned by and registered to the applicant. According to the testimony of Plaintiff and the title holder, Plaintiff was, and always has been, the sole owner and registrant of the Lexus." We find this argument disingenuous. At the very least, the available evidence demonstrates no genuine issue of material fact that plaintiff knew he was not the *sole* owner of either vehicle. While plaintiff may have made payments on and registered the 2016 Lexus, Jones not only signed the loan to finance the purchase of the 2016 Lexus, which left her responsible for any default in payments, but also exclusively held title to the vehicle.

Moreover, under the no-fault act, the definition of "owner" includes

> [a] person that holds the legal title to a motor vehicle or motorcycle, other than a person engaged in the business of leasing motor vehicles or motorcycles that is the lessor of a motor vehicle or motorcycle under a lease that provides for the use of the motor vehicle or motorcycle by the lessee for a period that is greater than 30 days. [MCL 500.3101(3)(*l*)(*iii*).]

Plaintiff argues that there is no basis for using this definition here, but provides no legal support for, or further explanation of, that argument. See *Mettler v Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008) ("It is not enough for an appellant in his brief simply to . . . assert an error and then leave it up to this Court to . . . unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted). And regardless, even when viewing the evidence in the light most favorable to plaintiff, the above definition, along with his deposition testimony that Jones signed the loan for, and held title to, the 2016 Lexus, and that he once owned the 2010 Mercedes, but switched ownership to Minor League Sports in 2018,[5] demonstrates plaintiff knowingly misrepresented *sole*

---

[5] The following exchange occurred:

> *Q.* Did you ever own that 2010 Mercedes-Benz, or has it always been in Minor League Sports Academy's name?

ownership in the vehicles.[6]

Plaintiff also challenges the trial court's findings as to the materiality of the misrepresentation and the injury suffered as a result of the misrepresentation. "[A] fact or representation in an application is 'material' where communication of it would have had the effect of substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium." *Oade v Jackson Nat'l Life Ins Co of Mich*, 465 Mich 244, 253-254; 632 NW2d 126 (2001) (quotation marks and citation omitted). In other words, a misrepresentation is considered material if the insurer would not have issued the policy, or would have charged a different rate, had it known of the misrepresentation. See *Sherman v Progressive Mich Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364393); slip op at 2-3.

In support of its motion for summary disposition, CURE produced Guest's affidavit, stating in part:

> 8.     Had CURE been aware that the Named Insured was not the titled owner of the vehicles, CURE would not have issued coverage for the vehicles due to the risk associated with insuring the vehicles that were not titled to the Named Insured.

---

> *A.* I owned it, and then -- I owned it -- if I remember right, I owned it, then we switched it over to the L-- to the nonprofit. When I got it, it was in my name, and then I switched it over.

> \* \* \*

> *Q.* Okay. And that was also in 2018 that it switched over to Minor League Sports, correct?

> *A.* Yes.

> *Q.* And since 2018, when it switched over, no other owners other than Minor League Sports Academy; is that correct?

> *A.* Since -- can you repeat the question?

> *Q.* Yeah. Has anyone or any other entity owned that vehicle since it got switched over, titled with Minor League Sports Academy?

> *A.* No, sir.

[6] "Rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied on by the insurer." *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 446; 889 NW2d 759 (2016) (quotation marks and citation omitted).

9.       CURE's Underwriting Rules for policies in Michigan do not allow
a policy to bind if the applicant is not the owner of the vehicle(s) to be insured.

Plaintiff argues that Guest's affidavit is inadmissible for purposes of summary disposition under MCR 2.116(G)(6) because her statements were based on CURE's underwriting rules which were not themselves produced in support of the motion in accordance with MRE 1002. At the relevant time, MRE 1002 provided, "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute." Thus, plaintiff asserts, "Because [CURE] may not rely on the affiant's hearsay statements about what a writing contains, it failed to properly support its Motion with evidence of materiality of ownership status."

Plaintiff's argument fails. While plaintiff quotes MRE 1002, he does not cite to any caselaw holding that insurance underwriting rules constitute a "writing" under MRE 1002. See *Mettler*, 281 Mich App at 220. And we failed to locate such caselaw. CURE was also not seeking to prove the contents of a writing, as Guest was testifying about CURE's policy based on her understanding. Furthermore, an insurer's statement that it would not have issued the policy had it known the truth of the vehicles' ownership is sufficient to establish the materiality of the misrepresentation. See *Montgomery v Fidelity & Guaranty Life Ins Co*, 269 Mich App 126, 129; 713 NW2d 801 (2005) ("Because defendant's underwriter stated in his affidavit that [the] defendant would not have issued the policy if it had been aware of the decedent's smoking habit, the misrepresentation about the decedent's smoking habit was material."); *Lash v Allstate Ins Co*, 210 Mich App 98, 103-104; 532 NW2d 869 (1995). As provided above, Guest stated in her affidavit that CURE would not have issued coverage had it known plaintiff was not the title owner of the vehicles. And plaintiff provided no evidence, underwriting rules or otherwise, to refute Guest's statement. Additionally, the ownership question in the application itself, without reliance on the underwriting rules, supports the materiality of plaintiff's misrepresentation because it asks about *sole* ownership. Accordingly, plaintiff failed to establish a genuine issue of material fact that his misrepresentation was immaterial. *Cleveland v Hath*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363321); slip op at 5 ("Under Michigan law, if a moving party presents evidence to support a motion for summary disposition under MCR 2.116(C)(10), the burden shifts to the party opposing the motion to produce evidence to show that there is a genuine issue of material fact. Where, as here, the opposing party fails to present any evidence, the motion is properly granted because no genuine issue of material fact exists.") (quotation marks and citations omitted).

Plaintiff has attached to his appellate brief a set of CURE's underwriting rules, to argue that CURE's insured and vehicle eligibility guidelines only require that an applicant be *an* owner of a vehicle, not the *sole* owner. But he did not attach them to his summary disposition response below, and cannot now expand the record on appeal. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal."); MCR 7.210(A)(1). And as CURE points out, the underwriting rules provided by plaintiff list an effective date of April 1, 2024, years after plaintiff submitted his insurance application in 2021.

Finally, on the same basis, the trial court did not err when it found no genuine issue of material fact that CURE suffered injury as a result of plaintiff's misrepresentation—namely that

CURE unknowingly assumed an underwriting risk it would not have had plaintiff been forthright as to the ownership of the vehicles. Plaintiff cites *Howard*, 345 Mich App at 173-174, to argue that CURE did not suffer injury as a result of the material misrepresentation. In *Howard*, 345 Mich App at 169, the insured sought PIP benefits related to an accident involving a vehicle for which she properly obtained insurance. However, the insurer denied benefits and rescinded the policy because a few weeks before the accident, the insured added a vehicle (not involved in the accident) to the policy on the basis of a misrepresentation involving where that vehicle was garaged. *Id*. at 169-170. This Court held that although the insured made a material misrepresentation regarding the additional vehicle, the injury element of fraud was missing "because the coverage obtained by the misrepresentation [was] not at issue. That is, there [was] no claim that the [additional vehicle] was involved in the accident or that absent coverage on the [additional vehicle], plaintiff would not have been covered as to the [vehicle involved in the accident]." *Id*. at 173-174.

Plaintiff asserts:

> The same is true in this case; the allegedly omitted title owner of the involved vehicle was not involved in the accident, meaning [CURE] was not "injured" even if there had been a material misrepresentation as to ownership. Simply put, the loss that occurred is the loss that [CURE] agreed to cover for exactly the amount of premiums it calculated.

Plaintiff entirely misses the point. As described above, the injury suffered by CURE as a result of plaintiff's material misrepresentation was issuance of the automobile insurance policy, for had it not issued the insurance policy, it would not have been liable for the PIP benefits requested by plaintiff.

Accordingly, the trial court did not err when it granted CURE's motion for summary disposition.

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Daniel S. Korobkin